IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CRISTELL WHITFIELD,** | ) |
| | ) |
| **Plaintiff,** | ) CIVIL ACTION FILE NO. |
| | ) _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| **WARNER MEDIA SERVICES,** | ) |
| **LLC, and** | ) |
| **WARNER BROS. DISCOVERY,** | ) |
| **INC.** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Cristell Whitfield hereby files this Complaint against Defendant Warner Media Services, LLC ("WMS") and Defendant Warner Bros. Discovery, Inc. ("WBD") for damages and other relief for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff alleges that Defendants breached their fiduciary duties to her in administering the Warner Media, LLC U.S. Severance Plan (the "Plan"), and that Defendants racially discriminated against her in violation of Title VII and Section 1981 because of her race by promoting a less qualified black female into a role that Plaintiff would have received but for her race – white.

## JURISDICTION AND VENUE

**1.**

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**2.**

Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants do business, and the actions and harms alleged occurred, in this District.

## ADMINISTRATIVE PREREQUISITES

**3.**

Plaintiff has exhausted all administrative requirements necessary to bring her Title VII claims. Plaintiff filed an EEOC charge and an amended EEOC charge against each Defendant, each within 180 days of the respective Title VII-violative conduct at issue. The EEOC issued a Notice of Right to Sue as to WMS on April 3, 2024, and as to WBD on May 23, 2024. Fewer than 90 days have passed since the earlier of these dates.

**4.**

Plaintiff has also exhausted all administrative remedies necessary to bring her ERISA claims, including having filed a claim for benefits under the Plan, filed an appeal of the Plan Administrator's determination, and filed this action, all within the appropriate time frames.

## THE PARTIES

**5.**

Defendant WBD is a multinational for-profit corporation holding itself out as a "premier global media and entertainment company that creates and distributes the world's most differentiated and complete portfolio of content and brands across television, film and streaming." *Home*, Warner Bros. Discovery, https://wbd.com/ (accessed Jun 28, 2024).

**6.**

Defendant WMS is a wholly owned subsidiary of Warner Bros. Discovery, Inc. that established and sponsors the Warner Media, LLC U.S. Severance Plan.

**7.**

Mrs. Whitfield is a former employee of both Defendants, having worked for them and their predecessor entities in various human resources roles in the Sports Broadcasting division since 2007. Prior to the events described in this Complaint, Mrs. Whitfield was the HR Director for Turner Sports (subsumed by WBD following a 2022 merger.) Her final role with the Companies prior to her discharge was People Partner Lead supporting WBD Sports. Mrs. Whitfield is Caucasian.

## STATEMENT OF FACTS

### Mrs. Whitfield's Employment with Defendants
### and the WMS Severance Plan

**8.**

By May 2021, Mrs. Whitfield had been employed in various HR roles for WarnerMedia, a predecessor company of Defendants, for over fourteen years, having earned several promotions from HR specialist or manager to the position of HR Director of Turner Sports (formerly a division of WarnerMedia), which is the position she occupied at that time.

**9.**

In or about that month, WarnerMedia announced that its parent company, AT&T, had reached a multi-billion-dollar deal to merge it with Discovery, Inc. *Discovery and AT&T Close WarnerMedia Transaction*, AT&T, https://about.att.com/story/2022/close-warnermedia-transaction.html (accessed June 28, 2024). WBD is the entity that resulted from the merger.

**10.**

As part of her employment by WBD, Mrs. Whitfield participated in the Warner Media, LLC U.S. Severance Plan, attached hereto as Exhibit A.

**11.**

Section I of the Plan provides in pertinent part:

If you are a Regular Employee of a Participating Employer who is not a party to an employment or similar written agreement with the Participating Employer or a Related Company which addresses severance, you **will be** eligible for severance pay as set forth herein if you are notified that your employment will be terminated AND your employment is terminated on or after May 15, 2021 for one of the following two reasons:

**A.** Participating Employer advises you that your employment is being terminated for reasons related to your job performance, including but not limited to excessive absenteeism, or your failure to meet your Participating Employer's reasonable performance expectations ("Termination for Performance"); or

**B.** Participating Employer advises you that your employment is being terminated because of the elimination of a department, reduction in force, reorganization, outsourcing, changes in operation, material change in job requirements or related reasons or another reason other than your job performance, as determined by your Participating Employer in its sole discretion ("Job Elimination or Other Involuntary Not for Cause Termination").

**12.**

After the announcement of the merger, Defendants began soliciting its higher-level employees to "raise their hands" and voluntarily resign with the promise that they would receive severance benefits under the Plan as if they were eligible per the terms of Section I.

### Defendants' Racially Discriminatory Promotion Decision for the VP of Human Resources for WBD Sports

**13.**

One of the employees who voluntarily resigned (and received benefits under the Plan) was Mrs. Whitfield's supervisor, Renee White, then Turner Sports' VP of Human Resources.

5

14.

Ms. White's role was subsequently posted for internal applications only, and Mrs. Whitfield decided to apply for it.  Sports broadcasting is a highly specialized arena in which extensive prior experience is indispensable for operating in a prominent role like the VP of HR position.  Mrs. Whitfield was highly qualified for the role, having worked for Defendants for around fifteen years to that point, exclusively within its sports broadcasting divisions.  Mrs. Whitfield's high standard of performance and her business acumen also bespoke her qualification for the role.

15.

After completing the interview and application process, Mrs. Whitfield was surprised to learn that the role had been given to Vanessa Parker, an African American woman with significantly less employment experience with Defendants, no experience in video production (live, taped, or otherwise), no experience in sports media, and inferior business knowledge and acumen.

16.

The promotion decision had been made by Ellen Russ, an African American female who at the time occupied the position of SVP of Human Resources, News, and Sports.

**17.**

Also, after Ms. Parker assumed the VP role, her department began excluding her from pertinent emails and Mrs. Parker specifically began excluding her from important meetings with the clients that she supported, making it exceedingly difficult to perform her job.

**18.**

Due to the racially motivated failure to promote her and exclusion from leadership due to her race seeing no feasible opportunity for advancement in her employment with Defendants and wary of the hostile actions taken against her due to her race, Mrs. Whitfield was constructively discharged from her position on December 19, 2022.

**Defendants' Discriminatory Administration of the WMS Severance Plan and Failure to Award Benefits to Mrs. Whitfield**

**19.**

Shortly after the decision to promote Vanessa Parker over her and due to her race, Mrs. Whitfield asked Ellen Russ if she could resign and receive severance benefits under the Plan as many had done before her.

**20.**

Ms. Russ responded that she would not do so because Defendants could not offer severance benefits for voluntary resignations, which was plainly not the case.

**21.**

Mrs. Whitfield's final day of work for Defendants was January 3, 2024. She never received severance benefits under the Plan.

## COUNT I
## BREACH OF FIDUCIARY DUTY UDNER ERISA

**22.**

Plaintiff incorporates Paragraphs 8-12 by reference as if fully set forth herein.

**23.**

Per the WMS Severance Plan's own terms, it is covered by ERISA, stating that "[t]he benefits provided to you by the Warner Media, LLC U.S. Severance Plan for Regular Employees are covered by ERISA.").

**24.**

Title 29 U.S.C. § 1132(a)(3) provides a civil enforcement mechanism for a participant to sue "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan…."

**25.**

Upon information and belief, Defendants granted severance benefits under the Plan to several employees similarly situated to Plaintiff who voluntarily resigned, in clear contravention of the terms of the Plan.

**26.**

Defendants did not, however, override the terms of the Plan for Plaintiff when she offered to resign, nor did she receive severance benefits after tendering her resignation from Defendants.

**27.**

Defendants' actions in this regard constitute a discriminatory act with respect to the administration of the plan, and consequently a breach of the fiduciary duty owed to Plan participants.

**28.**

As a direct result of Defendants' unlawful actions, Plaintiff was injured and is therefore entitled to and seeks all available relief and damages, including but not limited to lost severance, prejudgment interest, attorneys' fees/costs, and/or further appropriate equitable relief to be determined at trial.

## COUNT II
## VIOLATIONS OF TITLE VII- DISCRIMINATION

**29.**

Plaintiff incorporates Paragraphs 8-21 by reference as if fully set forth herein.

**30.**

As a Caucasian, Plaintiff is a member of a protected class for purposes of Title VII.

**31.**

Plaintiff was fully qualified, and applied, for the promotion to VP of HR for WBD Sports.

**32.**

In spite of her qualifications, she was rejected for the position due to her race.

**33.**

Instead, Defendants hired into the position a less qualified employee who was not Caucasian.

**34.**

Through the discriminatory promotion that signaled to Plaintiff that there was no possible opportunity for advancement with Defendants due to her race, and the intolerable working conditions that followed, including but not

limited to, her deliberately being excluded from meetings and communications necessary for her to perform her job, Defendants constructively discharged Plaintiff.

35.

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT III
## VIOLATIONS OF 42 U.S.C. § 1981- DISCRIMINATION

36.

Plaintiff incorporates Paragraphs 8-21 by reference as if fully set forth herein.

37.

As a Caucasian, Plaintiff is a member of a protected class for purposes of Section 1981.

38.

Plaintiff was fully qualified, and applied, for the promotion to VP of HR for WBD Sports.

39.

In spite of her qualifications, she was rejected for the position due to her race.

**40.**

Instead, Defendants hired into the position a less qualified employee who was not Caucasian.

**41.**

As a result of the discriminatory promotion decision that signaled to Plaintiff that there was no possible opportunity for advancement with Defendants due to her race, and the intolerable working conditions that followed, including but not limited to, her deliberately being excluded from meetings and communications necessary for her to perform her job, Defendants constructively discharged Plaintiff.

**42.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

**WHEREFORE** Plaintiff respectfully requests judgment in her favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's favor and against Defendant under all claims in this Complaint;

3. An order to Defendants to make whole Plaintiff under ERISA for

severance benefits denied to her as a result of its unlawful behavior, and award all relief available thereunder;

4. An order Defendant to make whole Plaintiff by providing her with out-of-pocket losses as well as back pay in an amount equal to the sum of wages and equitable relief including reinstatement or front pay, salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

5. Statutory/liquidated damages and/or penalties under Title VII and 42 U.S.C. § 1981;

6. An Order granting Plaintiff her reasonable attorney's fees and all other fees and costs associated with this action;

7. Declarative and injunctive relief appropriate to remedy Title VII and 42 U.S.C. § 1981 violations;

8. Interest; and

9. Such other and further relief as is just and proper.

[*Signature on following page*]

This 5th day of July 2024.

                    */s/ S. Graham White*
                    James M. McCabe
                    Georgia Bar No. 724618
                    jim@mccabe-lawfirm.com
                    S. Graham White
                    Georgia Bar No. 535538
                    graham@mccabe-lawfirm.com

                    The McCabe Law Firm, LLC
                    3355 Lenox Road
                    Suite 750
                    Atlanta, GA  30326
                    Office: (404) 250-3233
                    Fax: (404) 400-1724

                    Attorneys for Plaintiff Cristell Whitfield

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 13-point Century Schoolbook font in accordance with Local Rule 5.1(C).

This 5th day of July 2024.

                                        */s/ S. Graham White*
                                        S. Graham White
                                        GA Bar No. 535538